IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds. | ) ) ) ) ) ) ) ) ) ) | No. 13 C 03089<br><br>Judge John J. Tharp, Jr. |
| Plaintiffs, | | |
| v. | | |
| ANGEL ABATEMENT, LLC, an Illinois limited liability company, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

This is an ERISA case in which the plaintiffs—multiemployer benefit plans and a fund administrator—allege that the defendant company failed to make certain contributions and pay various related penalties, totaling $417,792.98. The plaintiffs move for summary judgment pursuant to Fed. R. Civ. P. 56; the defendant did not respond to the motion. For the following reasons, the Court grants the plaintiffs' motion.

I.     **BACKGROUND**

    A. **Statement of Undisputed Facts**

The defendant, Angel Abatement, LLC ("Angel Abatement") did not respond to the plaintiffs' motion for summary judgment under Fed. R. Civ. P. 56(c) and also did not respond to the plaintiffs' statement of material facts pursuant to Northern District of Illinois Local Rule

56.1. The Court therefore deems admitted the facts contained in the plaintiffs' Local Rule 56.1 statement at Dkt. 21 ("Pls.' Facts"). *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *see also Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) ("[B]ecause [the plaintiff] failed to timely respond to [the defendant's] Local Rule 56.1 statement of uncontested facts, [the Court] deem[s] those facts admitted to the extent that the [defendant's] statement is supported by evidence in the record.") (citations omitted).

The plaintiffs must still demonstrate that the undisputed facts entitle them to judgment as a matter of law. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (citation omitted).

### B. Facts and Procedural History

The plaintiffs in this case are the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), and James S. Jorgensen ("Jorgensen"), the Administrator of the Funds. The plaintiffs are multiemployer benefit plans as defined by 29 U.S.C. § 1002(3) and 37(A). Pls.' Facts ¶ 3.

James Jorgensen is the trustee of the Funds and is authorized to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund. *Id.* ¶ 4. Jorgensen is also authorized to act on behalf of the Funds to collect union dues that are required to be withheld from employee wages and transmitted to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). *Id.* Jorgensen is a fiduciary of the Funds as defined by 29 U.S.C. § 1002(21)(A). *Id.*

Angel Abatement, LLC is an Illinois member managed limited liability company and an employer as defined by 29 U.S.C. § 1002(5) and 29 U.S.C. § 185(c). *Id.* ¶ 5.

The Union and Angel Abatement are parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2010. *Id.* ¶ 6.

Pursuant to that agreement, as well as to the Funds' respective Agreements and Declarations of Trust, Angel Abatement is obligated to: (1) make contributions on behalf of its employees covered by the Agreement; (2) submit monthly remittance reports in which the company identifies covered employees and the amount of contributions to be remitted to the Funds; (3) submit timely contributions or pay 20 percent in liquidated damages plus interest; (4) submit benefit and union dues reports and contribution payments by the tenth day of the following month or, if more than 30 days late, pay 20 percent in liquidated damages and 12 percent interest; (5) submit its books and records to the Funds if demanded for an audit; and (6) obtain and maintain a surety bond as a guaranty of future wages, pension, and welfare benefits. *Id.* ¶¶ 8-11.

The Funds audited Angel Abatement's books and records for the time period of October 1, 2009 through November 31, 2011. *Id.* ¶ 12. The audit revealed that Angel Abatement failed to report and pay contributions during the audit period as follows:

- $81,227.79 owed to the Laborers' Pension Fund;

- $112,171.71 owed to the Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity;

- $4,144.28 owed to the Laborers' Training Fund;

- $2,588.28 owed to the Laborers' District Council Labor Management Committee Cooperative;

- $2,588.28 owed to the Illinois Environmental Contractors Association; and

- $1,509.81 owed to the Laborers' Employers' Cooperation and Education Trust.

*Id.* ¶ 12. On the above payments, Angel Abatement owes liquidated damages plus interest. *Id.* ¶ 13.

Angel Abatement also owes:

- $1,495.95 in audit costs;

- $15,116.06 in liquidated damages for failure to timely report and pay contributions owed for January 2012 and June 2012;

- $7,081.73 in liquidated damages for untimely payment of contributions for February 2013;

- $73,199.25 for unpaid contributions for March 2013 (resulting from a bounced check); and

- $14,639.85 in liquidated damages for unpaid contributions for March 2013.

*Id.* ¶¶ 13-20. Angel Abatement has paid $7,558.45 toward the audit delinquency. *Id.* ¶ 21. The Funds incurred $4,839.00 in attorneys' fees and costs. *Id.* ¶ 22.

The plaintiffs filed suit against Angel Abatement under the Employee Retirement Income Security Act of 1974 ("ERISA") and other federal statutes[1] for failure to pay benefit contributions revealed as delinquent pursuant to an audit (Count I); failure to pay union dues revealed as delinquent pursuant to an audit (Count II); and failure to timely pay employee benefit contributions (Count III).

---

[1] In addition to ERISA (29 U.S.C. § 1132(e)(1), (2), and § 1145), the plaintiffs also brought this suit under Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 (29 U.S.C. § 185(a)).

## II. ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. Cnty. of Cook*, 678 F.3d 560, 566 (7th Cir. 2012).

The plaintiffs assert that because Angel Abatement is bound to the collective bargaining agreement with the Union, which in turn binds it to the Funds' Agreements and Declarations of Trust, Angel Abatement is obligated to timely submit reports and contributions to the Funds on behalf of its covered employees or pay various related penalties. Pls.' Br. (Dkt. 20) at 6. The plaintiffs rely on their audit of Angel Abatement's books and records, which showed deficiencies in the company's contributions.[2] *Id.*; *Chi. Dist. Council of Carp. Pension Fund, et al. v. Reinke Insulation Co.*, 347 F.3d 262, 265 (7th Cir. 2003) (noting in ERISA lawsuit that a district court should presume that an auditor's calculations are correct). The plaintiffs conclude that they are entitled to judgment as a matter of law against Angel Abatement in the amount of $417,792.98, which reflects the total of the amounts described above. Pls.' Mot. (Dkt. 19) at 1.

Under the ERISA statute:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Here, the undisputed facts show that Angel Abatement was a party to the collective bargaining agreement with the Union and the Funds' Agreements and Declarations of Trust. Pls.'

---

[2] The plaintiffs also argue, although they do not substantiate the point with undisputed facts, that Angel Abatement reviewed and agreed to the audit report. Pls.' Br. at 7.

5

Facts ¶¶ 6, 8-11. It is further undisputed that Angel Abatement failed to make certain contributions required by these agreements and has subsequently failed to pay related penalties. *Id.* ¶¶ 12, 13-20. The Court therefore finds Angel Abatement liable for its unpaid plan contributions.

By statute, when a court finds in favor of a plan under 29 U.S.C. § 1145, it must award the plan:

>(A) the unpaid contributions;
>
>(B) interest on the unpaid contributions;
>
>(C) an amount equal to the greater of-- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A);
>
>(D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and
>
>(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C.A. § 1132(g)(2). The Court therefore awards the plaintiffs $417,792.98, which reflects the unpaid contributions, interest on the unpaid contributions, liquidated damages for the unpaid contributions and other untimely contributions, audit costs, and reasonable attorneys' fees and costs, and reflects a reduction of $7,558.45 which Angel Abatement has already paid.

\* \* \*

For the reasons set forth above, the Court grants the plaintiffs' motion for summary judgment.

Entered: March 26, 2014

_____
John J. Tharp, Jr.
United States District Judge